**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WILMAPEG INDUSTRIES CORPORATION, and Harry B. Carpenter, Respondents.**

**No. 14303.**

United States Court of Appeals
Sixth Circuit.

Sept. 30, 1960.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

C. Ralph Kohn, Morenci, Mich., for respondent.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

DECREE.

This cause came on to be heard upon the petition of the National Labor Relations Board for summary entry of a Decree against the respondents herein, enforcing its order dated June 18, 1959. This Court has considered the entire transcript of record filed in this cause, and on Sept. 30, 1960, being fully advised in the premises, issued its decision granting the petition and enforcing the said Order of the Board. In conformity therewith, it is hereby

 Ordered, adjudged and decreed that respondents, Wilmapeg Industries Corporation and Harry B. Carpenter, their agents, successors, and assigns, shall:

(a) Cease and desist from:

(1) Discouraging self-organization or concerted activities among employees for their mutual aid or protection as guaranteed in Section 7 of the Act, 29 U.S.C.A. § 157, by interrogating employees as to their union or concerted activities, by threatening employees with reprisals because of such activities, by promises of benefit in an effort to discourage such activities, or by granting or removing benefits to dissuade employees from engaging in such activities;

(2) Discharging employees or discriminating in regard to their hire, tenure of

employment, or any term or condition of employment, because they have engaged in concerted activities for the purpose of collective bargaining or other mutual aid or protection;

(3) In any other manner interfering with, restraining or coercing employees in the exercise of the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or any other mutual aid or protection, or to refrain from any or all of such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized in Section 8 (a) (3) of the Act, 29 U.S.C.A. § 158(a) (3).

(b) Take the following affirmative action which the Board has found will effectuate the policies of the Act:

(1) Offer to Harold D. Baumgardner, Vaughn Keller, Kenneth O'Brien, John Watkins and Stanley Bachelder immediate and full reinstatement to their former positions without prejudice to any rights and privileges previously enjoyed.

(2) Make whole Harold D. Baumgardner, Vaughn Keller, Kenneth O'Brien, John Watkins and Stanley Bachelder for any loss of pay they may have suffered by reason of the discrimination against them;

(3) Preserve, and upon request make available to the National Labor Relations Board or its agents for examination and copying all records necessary or useful to determine the amount of back pay due under the terms of this Decree;

(4) Post at the place of business in Morenci, Michigan, copies of the notice attached hereto as Appendix A. Copies of such notice to be supplied by the National Labor Relations Board's Regional Director for the Seventh Region, Detroit, Michigan, shall, after being duly signed by representatives of respondents, be posted upon receipt thereof and maintained for 60 consecutive days thereafter in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken to insure that such notices are not altered, defaced or covered by any other material;

(5) Notify the aforesaid Regional Director in writing, within 10 days from the date of this Decree, what steps the respondents have taken to comply herewith.

It is further ordered adjudged and decreed that respondent Wilmapeg Industries Corporation, its officers, agents, successors and assigns shall, in addition to the action recommended above:

(1) Offer to Elwood Rathbun, Kenneth Taylor and Mainard Gillespie immediate and full reinstatement to their former positions without prejudice to any rights and privileges previously enjoyed;

(2) Make whole Elwood Rathbun, Kenneth Taylor and Mainard Gillespie for any loss of pay they may have suffered by reason of the discrimination against them.